**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM/LRO
F. #2022R00375

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 26, 2026

By FedEx and Email

Emma Rosen
Clark Smith Villazor LLP
666 Third Avenue
21st Floor
New York, NY 10017
212-597-2338
Email: emma.rosen@csvllp.com

Re: United States v. Zohar Pinhasi
Criminal Docket No. 26-CR-271 (RER)

Dear Counsel:

Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.” The government also requests reciprocal discovery from the defendant.

I. The Government’s Discovery

A. Statements of the Defendant

The government hereby produces the documents listed in Attachment A.

B. The Defendant’s Criminal History

The government is not currently aware of any criminal history of the defendant in the United States.

C. Documents and Tangible Objects

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ Alexander Mindlin
Alexander Mindlin
Lindsey Oken
Assistant U.S. Attorneys
(718) 254-6433/6516

Enclosures

cc: Clerk of the Court (RER) (by ECF) (without enclosures)

**Attachment A**

| Description | Beginning Bates | Ending Bates |
|---|---|---|
| Readable extractions of all material recovered from a Yahoo account, samsunshine@yahoo.com, belonging to Zohar Pinhasi | EDNY-00000001 | EDNY-00000001 |
| Readable extractions of all material recovered from a Google account, sandyblackhome2@gmail.com, belonging to Zohar Pinhasi | EDNY-00000002 | EDNY-00000002 |
| Readable extractions of all material recovered from Microsoft accounts, cybersecurity@monstercloud.com and donna@monstercloud.com, belonging to Zohar Pinhasi and Donna Osborne | EDNY-00000003 | EDNY-00000003 |
| Readable extractions of all material recovered from Microsoft accounts, cybersecurity@monstercloud.com and donna@monstercloud.com, belonging to Zohar Pinhasi and Donna Osborne | EDNY-00000004 | EDNY-00000004 |
| Readable extractions of all material recovered from a Microsoft account, yabasay@hotmail.com, belonging to Zohar Pinhasi | EDNY-00000005 | EDNY-00000005 |
| Readable extractions of all material recovered from a Microsoft account, zohar@monstercloud.com, belonging to Zohar Pinhasi | EDNY-00000006 | EDNY-00000006 |